# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Virginia M. Kendall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 07 C 4635 & 10 C 7746 | **DATE** | December 23, 2010 |
| **CASE TITLE** | Eric Vann (K77736) vs. Warden Keith Anglin | | |

**DOCKET ENTRY TEXT**

The Court concludes that Case No. 10 C 7746 is a continuation of Case No. 07 C 4635. The Clerk is instructed to file the documents from Case No. 10 C 7746 in Case No. 07 C 4635 and close Case No. 10 C 7746. The parties are instructed to use Case No. 07 C 4635 for all future filings. The Attorney General of Illinois is dismissed as a respondent. Warden Keith Anglin of the Danville Correctional Center is substituted as respondent in place of Warden Lee Ryker. Each party is ordered to provide a status report detailing the present status of petitioner's state court proceedings by no later than January 25, 2011. Responses to the opposing parties' status report are due by no later than February 15, 2011. The Court will rule by mail and set additional dates in that ruling. Respondent should not answer or otherwise respond to the petition at this time.

■[ For further details see text below.]

Docketing to mail notices.

## STATEMENT

     Pending before the Court is petitioner's petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2254. (Dkt. No. 1). For the reasons set forth below, this Court instructs petitioner to clarify whether he wishes to proceed on his present petition at this time. Respondent is also instructed to file a status report detailing petitioner's state court proceedings.

     In 1999, petitioner was convicted of murder and sentenced to fifty years of imprisonment. *Illinois v. Vann*, No. 97 CR 08756-02 (Circuit Court of Cook County). (Dkt. No. 1 at 3). He states that his direct appeal to the Appellate Court of Illinois, First District was denied on March 6, 2001. *Illinois v. Vann*, No. 1-99-3953 (Ill. App. Ct. Mar. 6, 2001). (Dkt. No. 1 at 5). There is no record of a petition for leave to appeal (PLA) to the Supreme Court of Illinois in *Westlaw*, and petitioner states that he did not bring a PLA. (*Id*. at 6).

     Petitioner states that he filed a post-conviction petition in the Circuit Court of Cook County on January 29, 2002. (*Id*. at 6). The petition was denied, and this was affirmed by the First District. *Illinois v. Vann*, No. 1-04-2766 (Ill. App. Ct. Feb. 21, 2006). (Dkt. No. 1 at 7, 31). Petitioner brought a PLA, which was denied on September 27, 2006. *Illinois v. Vann*, 857 N.E.2d 683 (Ill. Sept. 27, 2006) (Table). Petitioner states that on June 22, 2006, he brought a petition for relief from his judgment pursuant to 735 ILCS 5/2-1401 in the Circuit Court of Cook County. (Dkt. No.1 at 7). The Section 2-1401 petition was allegedly pending when petitioner brought his present habeas corpus petition.

| STATEMENT |
|---|

On July 31, 2007, petitioner brought a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the 1999 Circuit Court of Cook County murder conviction in the United States District Court for the Southern District of Illinois. *Van v. Ryker*, No. 07 C 546 (S.D. Ill.) (Regan, J). Petitioner was incarcerated the Lawrence Correctional Center in Sumner, Illinois when he submitted the petition in 2007. On August 3, 2007, Judge Regan noted that petitioner was challenging a conviction that occurred in the Northern District of Illinois and transferred the petition to this Court pursuant to 28 U.S.C. § 1404. No. 07 C 546, Dkt. No. 4.

On August 29, 2007, this Court summarily dismissed the petition without prejudice due to petitioner's failure to exhaust his available state court remedies. *Vann v. Ryker*, No. 07 C 4635 (N.D. Ill.) (Kendall, J.) (Dkt. No. 8). The Court's August 29th order noted petitioner's mention of the pending Section 2-1401 petition. It concluded that it could not determine whether this was a "proper[ly] filed application for state post-conviction or other collateral review" that would toll the one-year statute of limitations, 28 U.S.C. § 2244(d). (*Id.*). Thus, the Court effectively stayed these proceedings by dismissing the habeas petition with leave to reinstate within 30 days of the completion of petitioner's state court proceedings. (*Id.* (citing *Arrieta v. Battaglia*, 461 F.3d 861, 863 (7th Cir. 2006)). The Court also instructed that petitioner should move to reinstate his petition upon the completion of his state court proceedings. (*Id.*). Petitioner was warned that failure to do so within 30 days of the completion of his state proceedings would result in the 2007 dismissal becoming a final order on the next court day. (*Id.*).

On December 6, 2010, this Court received the present habeas corpus petition from petitioner. *Vann v. Anglin*, No. 10 C 7746 (Kendall, J). (Dkt. No. 1). The docket states that his envelope is postmarked December 1, 2010. (*Id.*). He also provided a letter to the Court stating that his Section 2-1401 petition proceedings were completed on November 4, 2010, and asks for leave to proceed with his present petition. (Dkt. No. 3). However, his present petition states that he has an appeal presently pending in his Section 2-1401 proceedings. (Dkt. No. 1 at 8).

Upon reviewing the record in this case, the Court reaches the following determinations:

*First*, *Vann v. Anglin*, No. 10 C 7746 (N.D. Ill.) is a continuation of *Vann v. Ryker*, No. 07 C 4635 (N.D. Ill.). Petitioner's petition and associated statement regarding the status of his Section 2-1401 proceedings received by the Court on December 6, 2010 should have been filed in Case No. 07 C 4635. The Clerk is therefore instructed to file the documents from Case No. 10 C 7746 in Case No. 07 C 4635. This case shall continue under Case No. 07 C 4635 and Case No. 10 C 7746 shall be closed. The parties are instructed to use Case No. 07 C 4635 for all future filings.

*Second*, the Court cannot determine the status of petitioner's state court proceedings based on the materials provided. As mentioned above, petitioner's filings are inconsistent. He says that he has completed his state court proceedings, and yet he also says that he has a pending appeal. This lack of information results in several problems. The Court cannot determine whether petitioner is presently exhausting an available state court remedy, and if not, whether he can show good cause for a continuation of the present stay. *See Rhines v. Weber*, 544 U.S. 269, 278 (2005); *Tucker v. Kingston*, 538 F.3d 732, 734 (7th Cir. 2008). Alternatively, assuming petitioner has completed his state court remedies, the Court cannot determine whether petitioner returned to the Court within 30 days of completion of those proceedings as required by the Court's August 29, 2007 dismissal order. Furthermore, the Court also does not have sufficient information to determine how

| STATEMENT |
|---|

much time has run on petitioner's one-year statute of limitations period. The calculation of the one-year statute of limitations period, along with determining the proper construction of the August 30, 2007 order, is necessary to determine how to proceed with petitioner's petition. *See Arrieta*, 461 F.3d at 864-66; *Dolis v. Chambers*, 454 F.3d 723-24 (7th Cir. 2006). There is also a potential relation back issue under Rule 15 between the 2010 and 2007 petitions. *See Mayle v. Felix*, 545 U.S. 644 (2005).

Consequently, both parties are instructed to provide an individual filing addressing the present status of petitioner's state court proceedings. Petitioner should make sure to address whether he wishes to proceed with his present petition at this time or, alternatively, wait until any present state court proceedings (if there are any present state court proceedings) are completed. Petitioner is reminded that he must fully exhaust any claim through an available state court remedy, and this includes presenting the claim to every level of the Illinois courts including in a PLA in the Supreme Court of Illinois. *Smith v. McKee*, 598 F.3d 374, 382 (7th Cir. 2010) (citing *O'Sullivan v. Boerckel*, 526 U.S. 838, 845-45 (1999)).

Respondent's status report, in addition to detailing petitioner's state court proceedings, may also address any additional topic he so desires including, but not limited to, whether: (1) petitioner presently has an available state court remedy; (2) whether there is good cause to continue the stay if petitioner has an available state court remedy; and (3) whether the August 30, 2007 order became a final decision at any time during these proceedings, and, if so, what effect that has on these proceedings. Respondent shall also submit: (1) a docket sheet from petitioner's state court proceedings in the Circuit Court of Cook County; (2) relevant filings and decisions from the Circuit Court of Cook County, and (3) relevant decisions and associated relevant briefs from the Supreme Court of Illinois and Appellate Court of Illinois.

The petitioner is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. The petitioner must provide the Court with the original plus a judge's copy (including a complete copy of any exhibits) of every document filed. In addition, the petitioner must send an exact copy of any court filing to the Chief, Criminal Appeals Division, Office of the Illinois Attorney General, 100 West Randolph Street, 12th Floor, Chicago, Illinois 60601. Every document filed by the petitioner must include a certificate of service stating to whom exact copies were sent and the date of mailing. Any paper that is sent directly to the Judge or that otherwise fails to comply with these instructions may be disregarded by the Court or returned to the petitioner.

Finally, on the Court's own motion, Illinois Attorney General Lisa Madigan is dismissed as a respondent. *See Hogan v. Hanks*, 97 F.3d 189, 190 (7th Cir. 1996), *cert. denied*, 520 U.S. 1171 (1997) (a state's attorney general is a proper party in a habeas petition only if the petitioner is not then confined); *see also* Rules 2(a) and (b) of Rules Governing Section 2254 Cases. In this case, the petitioner is not challenging a future sentence, but rather his present confinement. Therefore, Illinois' Attorney General is not a proper respondent.

In summary, the Court concludes that Case No. 10 C 7746 is a continuation of Case No. 07 C 4635. The Clerk is instructed to file the documents from Case No. 10 C 7746 in Case No. 07 C 4635 and close Case No. 10 C 7746. The parties are instructed to use Case No. 07 C 4635 for all future filings. The Attorney General of Illinois is dismissed as a respondent. Warden Keith Anglin of the Danville Correctional Center is substituted as respondent in place of Warden Lee Ryker. Each party is ordered to provide a status report detailing the present status of petitioner's state court proceedings by no later than January 25, 2011.

| STATEMENT |
|---|
| Responses to the opposing parties' status report are due by no later than February 15, 2011. The Court will rule by mail and set additional dates in that ruling. Respondent should not answer or otherwise respond to the petition at this time. |